UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

OSCAR FERNANDO RIVERAS, on behalf
of themselves and all others similarly situated,
et al.,

                      Plaintiffs,

  -v-                                                 No. 17-CV-4430-LTS-BCM

BILBOA REST. CORP. d/b/a FRANCISCOS
CENTRO VASCO, et al.,

                      Defendants.
-------------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        The Court has received and reviewed Plaintiffs' request for approval of the proposed settlement agreement in this Fair Labor Standards Act ("FLSA") case. (See Docket Entry Nos. 68 and 69.) Defendants filed a letter separately to inform the Court that, while Defendants "concur with Plaintiffs' counsel that the $700,000 settlement is more than fair to Plaintiffs," they could not "in good conscience endorse (directly or indirectly) a fee application of this magnitude ($192,500) for this case." (Docket Entry No. 70.)

        "[B]efore a district court enters judgment [on an FLSA settlement agreement], it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Id. (internal quotation marks and citation omitted). In determining whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors

including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id. (internal quotation marks and citation omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). Moreover, following the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), parties may not privately settle FLSA claims without approval of either the district court or the Department of Labor. In dicta in Cheeks, the Second Circuit expressed hesitation with respect to the validity of settlement agreements containing confidentiality provisions, general releases or excessive attorneys' fees. See generally id.

The Court recognizes Defendants' objection to Plaintiffs' requested attorneys' fees. (See Docket Entry No. 70.) "A court determining the portion of a FLSA settlement reasonably allocated to attorneys' fees may use either a 'lodestar' method or a 'percentage of the fund'" method. Martinez v. SJG Foods LLC, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (citation omitted). Plaintiffs' retainer agreement with their counsel provides for a contingent fee of one-third (33.333%) of the recovery. (Docket Entry No. 69 at 5.) Counsel have requested an award of 27.5% of the recovery, inclusive of costs and expenses. (Id.) The Court has reviewed the requested award for reasonableness under both the percentage of fund and lodestar methods. Evaluating the requested award in light of the work performed and the total recovery, the Court

finds the attorneys' fees fair and reasonable under both methods. Plaintiffs' counsel requests a lodestar multiplier of 6.7, which is derived from the total requested award divided by the fees and costs actually incurred litigating this action.[1] As "Courts regularly award lodestar multipliers of up to eight times the lodestar, and in some cases, even higher," this Court finds Plaintiffs' requested multiplier fair and reasonable. See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481-82 (S.D.N.Y. 2013) (citing cases). Applying a lower lodestar multiplier may "result in penalizing plaintiffs' counsel for achieving an early settlement." Id. at 482. Further, Plaintiffs' counsel requested award is 27.5% of the total settlement amount (Docket Entry No. 69 at 5), which falls squarely within the range of percentage-of-the-fund allocations "routinely granted" by courts in this Circuit. Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 339 (S.D.N.Y. 2012) (finding reasonable a fee award of one-third of settlement fund). Therefore, Defendants' objection is overruled.

In light of the considerations articulated above, as well as the Court's review of the agreement and the parties' representations as set forth in their respective letter submissions, the Court finds that the proposed settlement agreement, including the attorneys' fees and expense award component, is fair and reasonable and that it satisfies the requirements of Cheeks. The parties are directed to file their Stipulation of Dismissal by January 11, 2019.

---

[1] Plaintiffs' counsel provided the Court with a detailed accounting of the work they performed. (See Docket Entry No. 69, Ex. 5.) These fees, which are billed at rates reasonable for lawyers of comparable experience doing work of this nature in this area, and costs amount to a lodestar figure of $28,744.64.

Docket Entry Nos. 68 and 69 are resolved.

SO ORDERED.

Dated: New York, New York
December 14, 2018

     /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge